**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| NIZZA PEACEMAKER-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:22-CV-5 AGF |
| | ) | |
| LAURA KRAUSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a handwritten document tiled "Affadavit [sic] of Fact" filed by self-represented Plaintiff Nizza Peacemaker-El. ECF No. 1. In this document, Plaintiff names three defendants and complains about his conditions of confinement in a facility located outside this judicial district. The Court construes this document as a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor filed a motion to proceed *in forma pauperis*. For the reasons discussed below, this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

Plaintiff Nizza Peacemaker-El, also known as Nizza P. El and Orlando Preston, was recently sentenced to thirteen months' imprisonment due to violations of his conditions of supervised release. *See USA v. Sutton et al.*, No. 4:13-CR-143-CDP-4, ECF No. 1164 (Jan. 4, 2022). In the past two months, Plaintiff has filed four other civil cases in this Court, three of which have already been dismissed. *See El v. Pillow*, No. 4:21-CV-1335-DDN (E.D. Mo. filed Nov. 10. 2021 & dismissed Jan. 3, 2022); *El v. Mattingly*, No. 4:21-CV01357-SRW (E.D. Mo.

-1-

filed Nov. 16, 2021 & dismissed Jan. 3, 2022); *El v. State of Mo.*, No. 4:21-cv-1450-ACL (E.D. Mo. filed Dec. 6, 2021); *El v. Woosley*, No. 4:22-CV-18-NCC (E.D. Mo. filed Jan. 5, 2022 & dismissed Jan. 7, 2022). The most recent dismissal was for lack of proper venue. *See El v. Woosley*, No. 4:22-CV-18-NCC (E.D. Mo. dismissed Jan. 7, 2022).

**The Complaint**

Plaintiff's complaint alleges unsanitary conditions of confinement, sexual harassment by a jail employee, and inadequate medical treatment. ECF No. 1 at 1. However, it is not clear from the complaint whether these alleged violations occurred at a detention center in Kentucky or at a jail in Illinois. At the beginning of the complaint, Plaintiff describes the "Location" as "Mailing Location" and the return address on the envelope states in part:

> c/o Nizza Peacemaker-El
> Randolph County Jail
> 200 West Buena Vista St.
> Chester, IL 62233-1919
> …
> Amended From
> Grayson County Detention Center
> 320 Shaw Station Road
> Leitchfield KY 42754

*Id.*; ECF No. 1-1. Furthermore, Plaintiff mentions in the complaint that he raised his grievances with officials in "Randolph County." ECF No. 1 at 3. All of this suggests that the complained-of violations allegedly occurred in the Randolph County Jail, located in Illinois.

On the other hand, Plaintiff also states in his complaint that his "Date of Entry to this Facility [was] 12-23-2021" and the dates provided for the alleged violations are "12-13-2021," "12-15-201" and "12-20-2021." *Id.* at 1, 6. This suggests that the allegations of Plaintiff's complaint occurred while he was held at the Grayson County Detention Center in Kentucky, prior

to a transfer to the Illinois facility. However, regardless of which facility Plaintiff is complaining about, neither facility is located within this judicial district.

## Discussion

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that any of the defendants reside within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the Court cannot transfer this action because it is unclear what venue is proper based on the allegations of the complaint. Furthermore, Plaintiff has not filed his complaint on a court form; he has neither paid the filing fee nor filed a motion to proceed *in forma pauperis*; and the allegations of the complaint lack sufficient factual support to state a cognizable cause of action. Self-represented litigants are required to allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).  As such, the Court will dismiss this action for lack of proper venue.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 11th day of January, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE